UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUAN FLAGG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case. No. 1:13-cv-1628-TWP-TAB ) |
| SUPERINTENDENT ZATECKY, Sgt. HUNT, and C/O MARTZ | ) ) ) ) |
| Defendants. | ) |

**Entry Granting Motion for Partial Summary Judgment**

This matter is before the Court on the Defendants' Motion for Partial Summary Judgment (Dkt. 33). Plaintiff Juan Flagg ("Mr. Flagg"), an inmate at the Indiana State Prison, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants assaulted him while he was incarcerated at the Pendleton Correctional Facility. Superintendent Zatecky, C/O Martz ("Officer Martz") and Sgt. Hunt (collectively "Defendants") move for partial summary judgment arguing that claims against Defendants in their official capacity should be dismissed.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding summary judgment. *Id*. at 322-23. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

## II. Undisputed Facts

Mr. Flagg alleges that on March 10, 2013, at 9:30 a.m., he was sleeping in his cell when Sgt. Sgt. Hunt and Officer Martz entered and assaulted him and sprayed mace in his face. Mr. Flagg also alleges that when they instructed him to "cuff up" they slammed the cell door on his hand and wrist.

Mr. Flagg alleges that Superintendent Zatecky "indirectly participated" in these actions by failing to prevent them. [Filing No. 1, at ECF p. 7]. Superintendent Zatecky has managerial oversight of the Pendleton Correctional Facility. The average daily offender population at the Pendleton Correctional Facility is 1,791 [Filing No. 33-1, at ECF p. 1]. Because of the large number of offenders and the managerial aspects of his job, Superintendent Zatecky is unable to personally monitor individual offenders' grievances and complaints.

Superintendent Zatecky has no personal knowledge of the allegations that Sgt. Hunt and Officer Martz physically assaulted Mr. Flagg. [Filing No. 33-1, at ECF p. 2]. Superintendent

Zatecky was not aware that Mr. Flagg faced a risk of being assaulted by Sgt. Hunt and Officer Martz [Filing No. 33-1, at ECF p. 2-3].

### III. Discussion

In this case, Mr. Flagg sued the defendants under 42 U.S.C § 1983 alleging that his constitutional rights were violated when Officers Sgt. Hunt and Officer Martz physically assaulted him, sprayed him with mace, and slammed the cell door on his hand. He alleges that Superintendent Zatecky indirectly participated by failing to prevent these policy and constitutional violations.

"'[T]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'" *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)). "Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheif-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994), *cert. denied*, 513 U.S. 1128 (1995). To the extent Superintendent Zatecky is included as a defendant it is because of his supervisory position, which alone is not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). Mr. Flagg makes no allegations either in his complaint or his response to the motion for partial summary judgment that Superintendent Zatecky had personal involvement in the alleged assault. In fact, Mr. Flagg states that Superintendent Zatecky was "indirectly involved." It is well established that summary judgment is the "put up or shut up" moment in a lawsuit when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Koszola v. Bd. Of Educ. Of City of Chicago*, 385 F.3d 1104,

1111 (7th Cir. 2004). The Court concludes that other than making conclusory claims regarding alleged knowledge after the fact of the events by the Superintendent, Mr. Flagg does not point to evidence of a genuine factual dispute precluding summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23.[1] The claims against Superintendent Zatecky **must be dismissed and the defendant must be terminated as a defendant in this action**.

Mr. Flagg also named Sgt. Hunt and Officer Martz in the complaint in their official capacities. He states in his response that he did not sue these defendants in their official capacities [Filing No. 38, at ECF pg. 6-7]. However, in his conclusion, Mr. Flagg states that Sgt. Hunt and Officer Martz are not entitled to judgment as a matter of law in their official capacity [Filing No. 38, at ECF p. 7]. Nonetheless, Sgt. Hunt and Officer Martz are not "persons" within the meaning of § 1983. The United States Supreme Court has held that states, their agencies, and officials sued in their official capacities for damages are not "persons" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). "State officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991); see also *Billman v. Indiana Department of Corrections*, 56 F.3d 785 (7th Cir. 1995). Any claim against Sgt. Hunt and Officer Martz in their official capacity **is DISMISSED**.

## IV. Conclusion

For the reasons provided herein, the Court **GRANTS** the Partial Motion for Summary Judgment (Dkt. 33) in favor of defendant Superintendent Zatecky and in favor of Sgt. Hunt and Officer Martz in their official capacity only.

---

[1] Mr. Flagg argues that Superintendent Zatecky was aware of the assault two days after it occurred. He makes no allegations that Superintendent Zatecky had any personal involvement or knowledge of the assault prior to or at the time of its occurrence. The evidence does not factually show that Superintendent Zatecky authorized or knew of the assault prior to its occurrence. [Filing No. 38-2, at ECF p. 1].

No partial final judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: 2/24/2015

*Tanya Walton Pratt*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Juan Flagg
#121969
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, Indiana 46360