UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUAN FLAGG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case. No. 1:13-cv-1628-TWP-TAB ) |
| SUPERINTENDENT ZATECKY, et al., | ) ) ) |
| Defendants. | ) |

**E N T R Y**

The plaintiff's third motion to appoint counsel has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The Court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir. 1993). Here, the plaintiff asserts that he has contacted 25 lawyers without success in obtaining representation (dkt. 25). Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue his own effort.

The Court proceeds to the second inquiry required in these circumstances. The Court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help

the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655. The Court will not make an outright request that counsel represent the plaintiff at this time because based on the plaintiff's comprehensible filings, his use of the Court's processes, and his familiarity with his claims, the plaintiff has been competent to litigate on his own. More specifically, the plaintiff filed a timely response in opposition to the defendants' partial motion for summary judgment that included an affidavit and evidence along with reasoned legal argument.

Moving forward, the Court will be alert to the possibility of recruiting representation for the plaintiff if the matter proceeds to trial. The Court also reminds the plaintiff that if he has a reasonable need for additional time to meet any particular deadline, he may file a motion for extension of time. Also, if all parties were amenable to settlement, the Court would attempt to recruit counsel to assist the plaintiff with the settlement process only.

Based on the foregoing, therefore, the plaintiff's third motion for appointment of counsel [dkt. 30] is **DENIED**.

    **IT IS SO ORDERED.**

Date: 2/24/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Juan Flagg
#121969
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, Indiana 46360

All electronically registered counsel